IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| QUANDEADRA S PUGH, as personal representative of the Estate of Jaquan Tremaine Pugh, </br></br> Plaintiff, </br></br> v. </br></br> INTERNATIONAL PAPER CO., </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> )  CIV. ACT. NO. 2:24-cv-303-TFM-N </br> ) </br> ) </br> ) </br> ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *Plaintiff's Motion to Remand* (Doc. 17, filed 9/16/24) and *International Paper Company's Consent to Plaintiff's Motion to Remand* (Doc. 19, filed 9/24/24). For good cause shown, the Court **GRANTS** the motion to remand (Doc. 17).

### I.   BACKGROUND

This matter was originally filed in the Circuit Court of Wilcox County, Alabama on July 24, 2024 against Defendants International Paper Company ("IP"), Albany International Corp., Jordan Randolph, and Austin McClure. Doc. 1-2. On August 23, 2024, IP removed this matter to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Doc. 1. Specifically, IP argues that the non-diverse individual defendants were fraudulently joined. Concurrently, IP filed a motion to sever and remand the worker's compensation claim only and its answer. Docs. 2, 4. On August 28, 2024, Plaintiff filed a notice of voluntary dismissal of Defendants Randolph, McClure, and Albany International Corp. leaving only IP remaining. Doc. 9.

On September 3, 2024, Plaintiff filed a notice of consent to IP's request for remand. Doc. 14. Specifically, Plaintiff asserted that with the dropping of the other defendants, the only

remaining claim in the case was the one against IP for worker's compensation and agreed it should be remanded and this case closed. IP filed its response in partial opposition arguing that the worker's compensation claim was not the only remaining claim because Plaintiff had also asserted Count II for willful, intentional, and reckless conduct. Doc. 15.

Accordingly, on September 13, 2024, Plaintiff filed an amended complaint which asserted only a single count for worker's compensation. Doc. 16. Shortly thereafter, Plaintiff filed the instant motion to remand noting that the amended complaint eliminated all claims except for the single count of worker's compensation. Doc. 17. In response to the Court's show cause order (Doc. 18), IP filed its consent to the Plaintiff's motion to remand. Doc. 19.

The Court finds oral argument is unnecessary and the motion is fully briefed and ripe for review.

## II.   STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1721, 135 L. Ed. 2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The removing party has the burden of establishing federal jurisdiction. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

### III.  DISCUSSION AND ANALYSIS

Because this lawsuit began in state court, the Court's jurisdiction depends on the propriety of removal. Federal courts are directed to construe removal statutes strictly and to resolve all doubts about jurisdiction in favor of remand to state court. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6, 127 S. Ct. 1397, 1409 n.6, 167 L. Ed. 2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("[E]vents occurring after removal . . . do not oust the district court's jurisdiction."). Significantly, this means the Court may not consider damages accrued after removal. *See Burns*, 31 F.3d at 1097.

Though an amended complaint would not normally result in a deprivation of federal jurisdiction if it were initially proper, in the case at hand, the Court agrees with the parties that the worker's compensation claim requires remand. As that is now the only claim, there is nothing left for this Court to decide, and the case should be closed after the claim is remanded.

### IV.  CONCLUSION

Accordingly, based on the foregoing analysis, *Plaintiff's Motion to Remand* (Doc. 17) is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Wilcox County, Alabama.

The motion to sever and remand worker's compensation claim only (Doc. 2, filed 8/23/24) is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to take the appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this the 24th day of September 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE